No. 90-435

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

GARY L. SPAETH, Contestant and Appellant,
-vs-
TONY KENDALL, Contestee and Respondent.

FILED
NOV 27 1990
Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Thirteenth Judicial District,
               In and for the County of Carbon,
               The Honorable Maurice R. Colberg, Jr., Judge
               presiding.


COUNSEL OF RECORD:

        For Appellant:

                John K. Addy, Matovich, Addy & Keller, Billings,
                Montana

                Gary L. Spaeth, Spaeth Law Firm, Red Lodge, Montana

        For Respondent:

                Floyd D. Corder, Alexander, Baucus & Linnell, Great
                Falls, Montana


                                Submitted:  October 3, 1990

                                Decided:  November 27, 1990

Filed:


                        _____
                                Clerk

Justice John C. Sheehy delivered the Opinion of the Court.

This cause involves an election contest arising from the results of the primary election for the Democratic Party nomination for Carbon County Attorney. The District Court, Thirteenth Judicial District, Carbon County held that Anthony W. Kendall was the properly elected Democratic nominee, and we affirm.

After the canvass of the votes cast at the primary election June 5, 1990, for the nomination of the Democratic Party candidate for Carbon County Attorney, a recount was conducted on June 12, 1990, and as a result the election was declared a tie between appellant Spaeth and respondent Kendall.

On the night of the election, the election judges excluded one ballot, the exclusion of which is an issue in this appeal; the official canvass on June 7, 1990, likewise excluded this ballot; and the recount on June 12, 1990, also excluded this ballot.

On June 12, 1990, with both parties present, Spaeth and Kendall waived statutory written notice and, pursuant to statute, a drawing of lots took place, and as the result of such drawing Kendall prevailed. Thereafter on June 28, 1990, the Carbon County election administrator issued a certificate of nomination certifying that Kendall had been nominated as the Democratic candidate for Carbon County Attorney in the election to be held November 6, 1990.

Thereafter, Spaeth filed a petition for judicial review with the District Court.

On July 26, 1990, the District Court issued its judgment and ordered, adjudged and decreed as follows:

1. That the petition for judicial review of petitioner, Gary L. Spaeth, in each of these proceedings is dismissed;

2. That Tony Kendall is hereby declared nominated as the Democratic candidate for Carbon County Attorney in the primary election held June 5, 1990;

3. That Tony Kendall is entitled to recover his costs and disbursements but not entitled to recover attorneys fees herein.

This Court considered the record on appeal and issued an order on October 2, 1990, affirming the judgment of the District Court before we issued a formal opinion due to the rapidly approaching general election of November 6, 1990.

The issue in this case is whether a ballot should have been counted for contestant Spaeth, thereby giving him a one-vote margin of victory in the June 5, 1990 primary election.

We direct attention to the ballot in question, which is reproduced in part below, as marked by the voter in the County Attorney race:

3

The ballots of the Carbon County primary election had the following legend at the top:

> This ballot should be marked by filling in the oval before the name of each individual or candidate for whom the elector intends to vote. The elector may write in or affix a preprinted label in the blank spaces provided, or write-in the name of the individual for whom he wishes to vote, and vote by filling in the oval before the name.

> * * * * *

TO VOTE YOU MUST BLACKEN THE OVAL (●) COMPLETELY.

Section 13-13-117, MCA, describes the method of voting to be employed. Subsection (5) states:

> An elector voting a ballot that will be counted by an optical scan ballot tabulating device shall mark his ballot in the manner prescribed on his ballot.

The method of marking the ballot is clearly explained and demonstrated on the ballot in question. The voter followed these instructions appropriately in the only other race in which a vote was cast, that for the uncontested Democratic primary candidate for the Second Congressional District Representative. The elector's choice was clear in that instance, and the District Court properly concluded it should be counted for that race, relying upon § 13-15-202(3), MCA, which states:

> A ballot or part of a ballot is void and shall not be counted if the elector's choice cannot be determined. If part of a ballot is sufficiently plain to determine the elector's intention, the election judges shall count that part.

It cannot be determined from the marked ballot what the elector's choice might have been in the Democratic County Attorney's race. As the District Court stated, the ballot "does not without substantial question and speculation from its markings

4

show the elector's intent to vote for Spaeth nor does it lead the mind naturally and without guess to infer the voter's intent."

This Court has consistently rejected ballots or portions of ballots where the intention of the voter does not plainly appear. Rennie v. Nistler (1987), 226 Mont. 412, 735 P.2d 1124; Peterson v. Billings (1939), 109 Mont. 390, 96 P.2d 922. In Dickerman v. Gelsthorpe (1897), 19 Mont. 249, 47 P. 999, 1001, this Court noted that "the paramount and ultimate object of all election laws under our system of government is to obtain an honest and fair expression from the voters upon all questions submitted to them." When such expression cannot be gleaned without speculation, however, the vote is to be voided, to insure a standard of objectivity in our election process.

We affirm the District Court.

John C. Sheehy
_____
Justice

We Concur:

J. A. Turnage
_____
Chief Justice

John Conway Harrison

Diane G. Barz

William E Hunt Sr

_____

R.C. McDonough
_____
Justices

5